## Winner v. Commonwealth

*Richard W. Kelly*, for condemnees.
*Bart Simerol*, for Commonwealth.

O'MALLEY, *J.,* June 17, 1975—The matter before the court is a petition for a rule to show cause why interest should not be paid on a viewers' award. Petitioners, Ralph A. Winner, Jr., and Joan Winner, his wife, were the owners of real property condemned by the Commonwealth of Pennsylvania, Department of Transportation (hereinafter known as "PennDOT"). In a report filed on January 29, 1974, the board of viewers awarded the sum of $64,000 for the taking and an additional sum of $5,000 for business dislocation damages. Petitioners filed an appeal as to the award for the real property, but specifically stated that the $5,000 dislocation damage award was not being appealed. PennDOT did not appeal either award.

The appeal proceeded to trial in the Court of Common Pleas and on March 27, 1975, a verdict was rendered in favor of petitioners in the sum of $75,000 plus detention charges. Neither side appealed and on April 9, 1975, PennDOT paid to the petitioners $75,000 plus detention damages and business dislocation damages in the sum of $5,000. It is to be noted, however, that petitioners had many times, since April 10, 1974, demanded of PennDOT payment of this business dislocation damage award, and, on each occasion, up until the payment of the award for the condemned real estate in May 1975, this demand for business dislocation damages had been denied.

In light of the facts that this business dislocation award was not appealed and could have been paid by PennDOT as soon as the last date for appeal passed and that it was not paid by PennDOT for over a year after the award, petitioners claim they are entitled to lawful interest of six percent on the $5,000 for that period. They predicate their claim

on the provision of the Eminent Domain Code which establishes the procedural status, "a final judgment":

"Any award of damages or assessment of benefits, as the case may be, as to which no Appeal is taken within thirty days, shall become final, as of course, and shall constitute a final judgment." Eminent Domain Code of June 22, 1964, P.L. 84, art. V, sec. 515, 26 P.S. §1-515.

Under the law of Pennsylvania, the holder of an unpaid final judgment is entitled to the legal rate of interest on that sum for the period that the judgment was not satisfied. That principle was established by the Act of 1700, 1 Sm. L. 7, sec. 2, 12 P.S. §782:

"Lawful interest shall be allowed to the creditor for the sum or value he obtained a judgment for, from the time said judgment was obtained till the time of sale, or till satisfaction be made."

Now, PennDOT has chosen to characterize petitioners' claim as one for delay compensation, as set forth in section 611 of the Eminent Domain Code, supra:

". . . Compensation for delay in payment shall, however, be paid at the rate of six percent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation. . . . There shall be no further or additional payment of interest on the award or verdict."

Under Redevelopment Authority of the City of Chester v. Swager, 12 Pa. Commonwealth Ct. 437,

316 A. 2d 136 (1974), the proposition that delay compensation could be paid on business dislocation damages was expressly rejected. Accordingly, so PennDOT's argument goes, since the award for which petitioners seek delay compensation is the business dislocation one, their claim must be denied.

It is true that the court in the Swager case stated:

"The language of the statute (Eminent Domain Code, 26 P.S. 1-611) clearly applies only to *condemned property* and when and how delay compensation shall be computed on the value of *condemned property.* There is no indication that delay compensation should be paid on business dislocation or other 'special damages'," (Emphasis by the Swager Court, 12 Pa. Commonwealth Ct. at 446.)

But just because the variety of special damages provided by the Eminent Domain Code are not entitled to delay compensation treatment, as are general damages, does in no way preclude them from the rights of satisfaction of a final judgment. And among the rights that accrue to a final judgment, is payment of lawful interest for the period between the entry of a final judgment and its satisfaction, according to well established law of Pennsylvania and section 515 of the Eminent Domain Code, supra, which places a final judgment arrived at through its procedures squarely within it.

The petition for the rule to show cause why defendant should not pay interest on petitioners' judgment shall, in accord with the foregoing, be made absolute. An order shall follow forthwith.

## ORDER

And now, June 17, 1975, it is hereby ordered, adjudged and decreed that the rule to show cause

why defendant should not pay interest on petitioners' judgment against defendant be made absolute and that defendant pay to petitioners at the lawful rate of six percent per annum, interest on the $5,000 sum of the judgment unsatisfied from January 29, 1974, until May 7, 1975.